UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA                    Case No. 1:08-cr-39-SEB-KPF-01

v.

DARRYL TAYLOR                               (COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cr-00039-SEB-KPF |
| | ) | |
| DARRYL TAYLOR, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Darryl Taylor has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 98. Mr. Taylor seeks immediate release from incarceration. Dkt. 104. For the reasons explained below, his motion is **denied**.

**I.   Background**

In 2009, Mr. Taylor was sentenced to a total of 444 months in prison and 3 years of supervised release after a jury found him guilty of two counts of armed robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a); and two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 63. The sentence consisted of concurrent 24-month sentences for the two armed robbery counts, a consecutive 120-month sentence for the first § 924 count, and a consecutive 300-month sentence for the second § 924 count. *Id.* Under the law as it existed at the time, the first § 924 count carried a mandatory minimum sentence of 84 months and the second § 924 count carried a mandatory minimum sentence of 300 months, to be served consecutively to the sentence for the first count. *See* 18

U.S.C. § 924(c)(1) (effective Oct. 6, 2006 to Dec. 20, 2018). Thus, the lowest sentence the Court could have imposed was 384 months (or 32 years).

Mr. Taylor is currently 35 years old. He has been incarcerated for more than 13 years and is currently housed at FCI Terre Haute in Terre Haute, Indiana. The BOP lists his anticipated release date, with good-conduct time included, as October 18, 2040. https://www.bop.gov/inmateloc/ (last visited July 20, 2021).

Mr. Taylor filed a pro se motion requesting compassionate release under § 3582(c)(1)(A). Dkt. 98. The Court appointed counsel to represent Mr. Taylor, dkt. 99, and appointed counsel filed a supporting memorandum on Mr. Taylor's behalf, dkt. 104. Thereafter, multiple additional attorneys appeared on Mr. Taylor's behalf, and appointed counsel withdrew. The United States responded, dkt. 118, and Mr. Taylor replied, dkt. 126. Mr. Taylor also filed 4 notices of supplemental authority. Dkts. 129, 130, 131, 132. Thus, his motion is ripe for review.

## II.     Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). "The movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

3

### III.     Discussion

Mr. Taylor argues that he has established extraordinary and compelling reasons for release because he would likely receive a much shorter sentence if sentenced today. Dkt. 104. He contends that the Court should also consider the length of his sentence, his young age at the time of sentencing, and his demonstrated rehabilitative and vocational efforts in determining whether to grant him compassionate release. *Id*. He also argues that he would not be a danger to the community if released and that the sentencing factors in § 3553(a) favor his release. *Id*. In response, the United States argues that Mr. Taylor has not shown extraordinary and compelling reasons warranting relief, that he would be a danger to the community if released, and that the sentencing factors in § 3553(a) do not favor release, emphasizing that Mr. Taylor committed multiple armed robberies. Dkt. 118.

As explained below, Mr. Taylor has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

  A.     *Change to Mandatory Minimum Sentence and Length of Sentence*

Mr. Taylor argues that he has presented extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) because he received an extraordinarily long sentence, as evidenced by the fact that he would face a shorter mandatory minimum sentence if sentenced today. Specifically, § 403 of the First Step Act of 2018 amended § 924(c). First Step Act of 2018, § 403(a), 132 Stat. 5194, 5222; *see* 28 U.S.C. § 924(c)(1)(C) (effective Dec. 21, 2018). Under the amended statute, if Mr. Taylor were sentenced today, he would not face a mandatory 384-month sentence. Instead, he would face only a mandatory 168-month sentence— representing mandatory, consecutive 84-month sentences for his two § 924(c) convictions. *Id.* He argues that the disparity

4

between the sentence he received and the sentence he would likely receive if sentenced today is an extraordinary and compelling reason warranting relief.

The U.S. Court of Appeals for the Seventh Circuit has recently rejected this argument. In *United States v. Thacker*, __ F.4th __, No. 20-2943, 2021 WL 2979530, at *1, 3–4 (7th Cir. July 15, 2021), the court held that "the amendment [to § 924(c)], whether considered alone or in connection with other facts and circumstances, cannot constitute an 'extraordinary and compelling' reason to authorize a sentencing reduction" because Congress explicitly decline to make the change retroactive. In so holding, it explained that § 3582(c)(1)(A) gives sentencing courts broad discretion in deciding what constitutes extraordinary and compelling reasons warranting relief, but concluded that this discretion "cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively." *Id.* at *3. It also specifically stated that rationales suggesting that "the prescribed sentence is too long" cannot supply an extraordinary and compelling reason to reduce a lawful sentence. *Id.* at *4.

The holding and rationale of *Thacker* forecloses Mr. Taylor's arguments that the length of his sentence and the fact that he would likely receive a shorter sentence if sentenced today are extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A). Thus, the Court does not consider those arguments in deciding whether Mr. Taylor has shown an extraordinary and compelling reason warranting a sentence reduction. *See id.* at *6 ("At step one, the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c).").

### B. Other Factors

Without his arguments about the length of his sentence, Mr. Taylor is left only with an argument that his young age at the time of sentencing (23 years old) and his demonstrated rehabilitation (as evidenced by his good conduct and educational and vocational efforts) constitute extraordinary and compelling reasons warranting relief. The Court recognizes that Mr. Taylor has pursued many educational and treatment opportunities and has maintained clear conduct for more than 3 years. *See* dkt. 104-1 at 7–10. The Court applauds Mr. Taylor for his good conduct and his efforts at rehabilitation. However, rehabilitation alone cannot constitute an extraordinary and compelling reason warranting a sentence reduction. *See* 28 U.S.C. § 994(t).

Mr. Taylor also relies on his young age at the time of sentencing, arguing that it combines with the other facts to establish extraordinary and compelling reasons for relief. The Court disagrees. Unfortunately, many defendants commit serious crimes at young ages and are sentenced to lengthy sentences. The fact that Mr. Taylor was relatively young when he was sentenced is not an extraordinary and compelling warranting relief under § 3582(c)(1)(A), whether alone or in combination with any other factors.

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

### IV. Conclusion

For the reasons stated above, Mr. Taylor's motion for compassionate release, dkt. [98], is **denied**.

**IT IS SO ORDERED.**

Date: 7/27/2021

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel